Good morning Your Honor, my name is Sue Ming Yeh, I represent the appellant Darren Johnson. I'd like to reserve two minutes for rebuttal. This case is about ensuring that Darren Johnson, who is a prisoner, has a meaningful remedy for the violation of his civil and constitutional rights. That is true also, Your Honor. We see it as being able to obtain a remedy for the violation of his civil and constitutional rights. And what's underlying the basis of his claim is Section 1983, which was enacted specifically to provide remedies to private individuals for federal and constitutional violations. But how do you attach liability against prison health services? Help me walk through that. What's the mechanism by which you can hold them liable for what CPS did or didn't do? There are two main principles. The first is fairly straightforward. Prison health services expressly assume the liabilities in the contract, in the asset purchase agreement with CPS. What's the language of the assumption? 3.1 and 3.33? Yes, exactly. Don't they expressly exclude the liabilities? I disagree with that, Your Honor. If you look at Section 3.3, and I want to point directly to the contract itself, because the quote that is cited in Appley's brief actually misses a line that is critical to the analysis. Which section are you reading right now? Okay, I'm going to read from page 444 of the appendix, which is page 8 of the actual contract. What clause is it? 3.3 clause 2 of 3.3. It's underlined for us already here. Okay. Any liability or obligation of seller whatsoever which accrued at any time on or prior to the closing date. That is a critical clause in that, which puts a time frame on the excluded liabilities. And then it goes on to explain, as Appley argues, excludes various litigation claims. However, in this case, this liability arose after the closing date. The judgment is the liability. When you have a cause of action. If you're right about that, if you separate the accrual of the cause of action from the accrual of the liability, don't you create a situation where that language becomes meaningless? Because at any time after that, after a certain point, something can happen that will give rise to a related liability. Assume it's related. And you're asking us to assume that they intended for this kind of situation to be included under that exclusion. Yes, Your Honor. Because the default judgment is relating back to the default, to the incidence of malpractice or Eighth Amendment violation that happened before. Right. Even though the events, however, happened, there's no liability. He could have lost. He didn't have to file suit. And when you are looking at contract, Pennsylvania is fairly clear. When you analyze contracts, because Pennsylvania disfavors the restriction of liability for the purchaser company, the contract must be construed strictly. That's Hill versus Trail Mobile. It's a superior court case. And so it must be construed against the party seeking immunity from liability. I also feel that just on the face of the language, it states clearly a liability has to accrue. You know, what's assumed is a liability has to accrue after the date and was excluded or liabilities prior to the date. The judgment was not entered until 2008. That's eight years after the closing date of this asset purchase agreement. Now, later on in that same little enigmatic exclusion there, it goes on to refer to, on and on and on, it goes on to refer to and litigation or claims. So it doesn't seem to talk there about a cemented liability but merely the accrual of a claim, which would not that be his injury? So it is an excluded liability? No, Your Honor. Well, first of all, as you said, enigmatic, and that's exactly right. And whenever you want to exclude liability under contract interpretation, the parties have to spell out with particularity the intention of the parties. But similarly, when you look at the litigation or claims, it does not change the exclusion of what I'm arguing. If you also look at the prior lines, you're looking at insurance-related liabilities, including workers' compensation and litigation claims. I feel our argument is that it's qualified by the previous clauses in this very long subsection 2. Then go on a little bit further down to subsection 6. Yes. Any liability or obligation of seller relating to the breach of any law, would that not refer to 1983 and Section or the Eighth Amendment as an excluded liability? Again, Your Honor, we would argue no, of course. Here, once again, this is a clarification. And in Part 3.1, it is an assumed liability. Subsection 6 clarifies it, and I think it's looking at particular federal laws. And I do want to point the Court's attention to the Brzozowski case, which also had very similar facts, where it's looking at correctional physician services and prison health services. It did have the same asset purchase agreement, and it did find that prison health services could have sexual liability imposed on them. But, of course, that all occurred in the context of the Title VII case, right? That is correct. However, the principles of Title VII are absolutely comparable and applicable here. Title VII draws its basis upon the Constitution, the Fourteenth Amendment. Here, we're looking at an Eighth Amendment right for the prisoner. And this is a case that is of first impression, if you will, to the Court. There have been some cases where I cite the Kennedy case regarding a Section 1983 case where sexual liability was found. But generally, this is not an issue that has come up beforehand so much, whereas employment law, obviously, because it involves companies and corporations, it's been more developed. But here, we're looking at the same principles of civil rights, of rights that have a basis in the Constitution. And that's why it would carry through. And the case EEOC v. McMillan spells those principles out, particularly looking at whether or not the successor company has benefited from the discrimination of the predecessor company. So it's our contention that the assumption of liabilities was expressed. We argue that the court below erred in finding that the liability arose after the closing date. As I mentioned before, liability could not have arisen until there was an actual judgment. There was no legal obligation. If you're right, what should the remedy be? Let's assume that we were to find that there's an ambiguity based upon this distinction you draw between accrual of causes of action and accrual of liability. Wouldn't the remedy then be a trial in terms of what the parties intended by 3.1 and 3.3? You wouldn't automatically win as a matter of law on this language, would you? Well, Your Honor, my reading of it is fairly clear. I would argue that it is a matter of law. However, if you were to so find that it's not so clear, a remand might be appropriate. I feel that the contract is very clear on what it states, at least in terms of what has been expressly assumed. I think the exclusions are what is unclear, and the exclusions do need to be clear in order for them to apply based on Pennsylvania law. Even if we take this distinction you're drawing, the one I just referenced, subsection 3 of 3.1, where PHS is laying out the liabilities they assume, they say all liabilities arising after the closing date with respect to the provision of services to inmates covered by the PAA contract, the NY contract. Why wouldn't this be something that would have, the liability doesn't arise from the default judgment? The liability, that's the distinction you're trying to draw between cause of action and liability. Right, and the liability for CPS did arise after, in 2008 there's an actual judgment from the district court of $65,000. Based on pre-closing services? Yes, that is correct. If you say yes to that, you're going to lose. Well, no, I mean pre- Closing services. Oh, pre-closing date. The liability that arose, right. Well, the incidents that happened before March 29th of 2000 is not a liability. When those events happened, CPS had no obligation to pay Mr. Johnson anything. He may not have filed his administrative grievances, he may not have decided to file a lawsuit, he could have lost in court. There are a whole number of things. At that point, Correctional Physician Services had no obligation. They had no obligation until July 14th, 2008, when there was an entry of a judgment against them. And I think, you know, the language, that is fairly clear when you look at other cases that look at what a liability is. For example, United States v. Hughes Properties, it states clearly a liability doesn't accrue while it's still contingent, meaning when it's not set yet. There's no set liability at that point in time, not until 2008. Now, looking at the other principle where successor liability may be imposed, a de facto merger did occur here. Now, Mr. Gould is arguing that he did not raise that below. Did you raise that argument below? Our argument is that Mr. Johnson was pro se for a very long time. We were not a court appointed to the case until 2005. So he does raise the issue of prison health services and Correctional Physician Services being the same company. He refers to them as the same. From his standpoint, they were the same company. But the ownership is totally different. I'm sorry? The ownership is totally different. So how can you either get continuation liability or de facto merger liability? That is true, and I just want to address the Fasano case that police cites in their 28J letter. First, when looking, just to back up, first we have to look at whether federal law or state law applies. And as I outlined in my briefs, the United States v. Kimball Foods and Section 1988 are the roadmaps for whether state or federal law apply. And the key point here is whether or not the application of state law would frustrate the objectives of the federal program. And in my briefs, I explained why state law here did not frustrate the purposes of the federal statutes. If the court construes Fasano as restricting or constricting successor liability, then that does frustrate the purposes of the federal program. Under federal common law... But why would it? Well, Fasano says that you have to have continuity of ownership. It makes sense if you're talking about a merger, which is only de facto, or a continuation. If A and B own Company 1, and Z and X own Company 2, and there's no fraud or anything like that alleged, fraud on creditors, how can you argue that 2 is the same as 1? If the owners are the same, it becomes very easy. Right. Well, there are a couple of things. First of all, Fasano does... I don't think... Our opinion is that Fasano does not change the result because Fasano also notes several other exceptions. The product line exception is based on certain policies to restrict liability. And also it cites Commonwealth v. Lavelle, where someone tried to shelter his assets that were proceeds from criminal dealings. And similarly here, we have a variety of equities that point to the imposition of successor liability, which is broadly looked at when you look at employment law and when you look at environmental cleanup acts, and that would be the case, the general battery case. And so in federal law, the continuity of ownership is not a requirement. You look at all the different factors. My time is up. I don't know if you have any more other questions. Thank you. We'll have it back from you, I think. Good morning. Good morning. We really not. I mean, I've known you for many years. I haven't seen you in about 20 years, I think. It's been a long time, but you're a very fine advocate. Where successor liability hadn't been mentioned, was he indicating that he thought that they both had the contract, both companies had the contract, and both companies had the right to access to give him medical care. When DHS produced an affidavit, they didn't have the contract at that time period, in 1999, and had no access to that prison, Judge Coffman ran the motions of summary judgment on that basis. In addition to the de facto merger, there's been no setting of a record below. This court, in the Mays case, with Your Honor, Judge McGee on the panel, indicated that there was waiver in the successor liability case when it wasn't raised below and emphasized the fact that the parties had the duty to make a record below. The party asserting it had to make the record below and without a record, there could be no successor liability. So under the fact of merger, there wasn't a record, and on the contract, to the extent that there is a factual dispute about its meaning, there should have been a record established there. There was every opportunity to do that. So you're saying as a matter of law, it's waived. But on that first point, there are circumstances where we can consider something that's in our discretion, right? Absolutely it is. Okay. Okay, go ahead. No, go ahead, go ahead. That's right. Well, that's a different issue. With regard to the waiver, where there's exceptional circumstances, I believe, and we have a lot of cases today, so if I've got the wrong case, you're going to let me know, hopefully. But, I mean, I think your adversary pointed out there's a little hide-the-ball going on. They weren't able to get the contract, no answering of interrogatories. At 279 of a record, the request for deduction, at 290 of a record, the only discovery that was sought that had any relation to success or liability was the contract. Nothing else. There was no discovery about the fact of the merger. All the discovery was geared to attempt to get information about CPS and liability under Section 1983 in terms of the custom and privilege argument. That was it. And there's no indication that Judge Kaufman would not grant an extension of time. And once they got that contract, they filed the Rule 60B motion, which was the wrong motion to follow, and I guess it was the wrong motion to follow, too, because there was no final order. But the point is, it brought the issue in front of the court, and they had the opportunity to say, look, we need discovery. Even after Judge Kaufman's ruling, they could have come back and said, your Honor, we think there's a factor with it here. We want it to be discovered. The whole point of having this raised below is so that it wouldn't have to be remanded now. All right, so you're saying your first argument is it's waived. If we don't agree, then you're saying it's got to be remanded for development of the record, right? Not for the facto merger, only the contract. If it's a facto merger, well, this court has the ability to say that one argument is waived and one isn't. If your Honor is saying both facts are argued, it would be that the facto merger argument should be sent back because it's clear from the contract that there was no exchange of stock. And the design of the test applies, whether federal law applies or state law, because this court in U.S. v. General Battery indicated in the context of surplus that the Pennsylvania law on this issue was the majority rule across the country, and they strictly interpreted that there had to be a stock exchange. Now, there are other theories of successor liability that the plaintiff could have presented, but didn't. How do you distinguish the Brzozowski case? First of all, it used a different test. It was a Title VII case. Your Honors had promulgated a three-part test in the Rigo case, R-E-G-O. And that test doesn't mention the contract, doesn't mention the facto merger, three different elements. Title VII is a much different statute. Well, I think your adversary points out they're both civil rights statutes. Well, yes, but Title VII has a responsibility for error in it. 1983 does not, and that's an important reason why there shouldn't be successor liability because it's hard to distinguish a policy that says there can never be responsibility for liability. The statute that has the Supreme Court say in the Ashcroft case that supervisory liability, even if there's knowledge that Ashcroft was involved, it's page 13 of the Civil Defense Charter. Even that level of knowledge isn't a knowledge. At the pleading stage, the motion to dismiss, if you plead that the supervisor knew that there was a constitutional violation going on and did nothing to stop it, that fails to meet the personal involvement requirement of 1983. That's a much different standard from Title VII, and successor liability undercuts that. Now a corporation that had nothing to do with the wrongdoing is going to be on trial for that wrongdoing. That undercuts what 1983 is all about. And it's not without reason that only one court has ever reached this issue, and that would be Kennedy. In the Southern District of Ohio, Kennedy's discrimination case, which has Title VII in it, 1983, 1981, 1982, and state unfair discrimination law claims, and it's not clear which the judge faced the decision of Bob's successor liability law. I mean, he never, never talks about the policy behind any of the statutes. What this court repeatedly says has to be done before it applies successor liability. Look at your discussion in the U.S. and the United States versus General Battery, where this court gave them an extensive discussion on the policy and indicated that successor liability was an unwieldy device that was highly complicated in application and had to be used sparingly and grudgingly. I'd also ask, Your Honor, what the defendant said about Wiesman's decision from 169 to appropriate the agreement as a matter of law. This very agreement, in essentially the same fact situation, Your Honor, in which it held that based on Section 3.3, there was no express assumption. And if Your Honor send it back, I would urge that it be limited just to the contract and that the judgment against CPS have no effect against DHS. This court held the same in Brzezinski. Brzezinski, I'm sorry. And Your Honor has indicated that you cautioned the district court and the plaintiff that they couldn't rely on the consent judgment arranged with CPS because DHS wasn't a party at the time. And that's the same thing here. DHS deserves a trial in Nova. And we would urge the court not to remand because there's no basis for it. Thank you. Thank you. Thank you. Thank you. First, Your Honor, this is an exceptional circumstance. It's an issue of constitutional rights. This is a case where a corporation is standing in the shoes of the government. And that's what makes this different. The corporation is acting as a state actor, and that's what distinguishes this from other successor liability cases. Mr. Johnson was a victim of a violation of his constitutional right. The delay in medical care has caused him a permanent limp that's going to occur for the rest of his life. And so for that reason, it is an important issue. And if the court finds that as a matter of law, you cannot determine whether or not there was successor liability, we at least ask for a remand on the issues of whether or not successor liability should be imposed. I also want to clarify what the majority rule is in terms of successor liability. A police site did United States versus General Battery, which at that point in time, Pennsylvania was the majority rule. But at that point in time, it was citing to the Continental Insurance case, which at that point stated that you don't need to have all four factors of that de facto merger test. And the Fasano case appears to, I guess, clarify that issue, and it seems that Pennsylvania would no longer be in the majority if that's the case. Also, just to point out, Mr. Johnson did not have an opportunity for full discovery. Summary judgment had already been granted against all of the other defendants at that point in time. It was basically poised to trial, and that's when counsel was appointed. But the point is maybe, Mr. Gold, the discovery you did have went to the contract and liability under the contract. There wasn't any issue or any suggestion that you were looking at whether or not Corporation B stepped into the shoes of Corporation A, successor liability, or de facto merger. Well, it took so long just to even get that contract. I mean, it required a motion to compel. It also required a motion for sanctions, which was granted. And then after that, the time had already run. And, you know. The time for what had run? For discovery had run at that point. But you could always go back to the trial court if the problem is that one side is so strung out discovery that you've blown your discovery time. You could always go back to the trial court and ask for either sanctions or some kind of a ruling that would find that, given the circumstances, you have extra time. That is correct. But the contract was not produced until after the discovery had ended and after even a year or so after one counsel was appointed and after the judgment. And so that's why a motion for relief from judgment was filed. Okay. Thank you, Ms. Cia and Mr. Glover. Thank you very much for your argument. We'll take the matter into advisement.